# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SONNIEL R GIDARISINGH,

    Plaintiff,

        v.                                              Case No. 04-C-38
                                                      Appeal No. 09-3646

GARY R MCCAUGHTRY, et al.,

    Defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR PRODUCTION OF TRIAL TRANSCRIPTS WITHOUT COST (DOC. #235), DIRECTING COURT REPORTERS TO PREPARE TRIAL TRANSCRIPTS AND SUBMIT AN INVOICE TO THE COURT FOR PAYMENT, DENYING PLAINTIFF'S MOTION TO FILE HIS RULE 59(e) MOTION 60 DAYS AFTER THE PRODUCTION OF THE ENTIRE TRIAL TRANSCRIPT (DOC. #235), DENYING PLAINTIFF'S REQUEST THAT THE COURT ORDER ATTORNEYS MICHAEL BOWEN, STEPHANIE VAVRA, AND CARMEN COUDEN TO ASSIST HIM IN HIS POST TRIAL MOTIONS (DOC. #235), DIRECTING ATTORNEYS MICHAEL BOWEN, STEPHANIE VAVRA, AND CARMEN COUDEN TO INFORM THE COURT AND THE PLAINTIFF WHETHER THEY WILL FILE A MOTION UNDER RULE 60(b), DIRECTING THE PLAINTIFF TO INFORM THE COURT WHETHER HE WILL FILE A MOTION UNDER RULE 60(b) WITHIN THIRTY DAYS OF THE DATE OF THIS ORDER, AND DENYING PLAINTIFF'S MOTION FOR COURT TO ORDER WARDEN POLLARD TO APPROVE LEGAL LOAN (DOC. #236)

Before the court is Gidarisingh's *pro se* "Motion for the Production of the Entire Trial Transcripts Without Cost to the Plaintiff, Motion to Allow Plaintiff to File His Rule 59(e) Motion 60 Days After the Production of the Entire Trial Transcripts and Motion Requesting Judge Clevert, Jr., to Request Plaintiff's Appointed Attorneys Michael Bowen, Stephanie Vavra and Carmen Couden to Assist Plaintiff in His Post Trial Motion to this Court." (Docket No. 235.) A brief review of the procedural history of this case following the entry of judgment is helpful to resolution of this motion.

Following a bench trial, the court issued a decision and judgment in favor of the defendants on September 29, 2009. On October 7, 2009, Gidarisingh filed his *pro se* notice of appeal, Gidarisingh filed a *pro se* motion for extension of time to file a motion to alter or amend judgment "by myself or appointed attorney at Foley & Lardner LLP."[1] (Pl. Mot. for Ext. of Time [Docket No. 221] at 1.) In his supporting declaration, Gidarisingh averred that he intended to file a motion to amend judgment, either by his appointed attorney or *pro se*, and that he did not know if his attorney would file a timely motion to alter judgment. (Pl. Dec. in Support of Mot. for Ext. of Time [Docket No. 222] ¶¶ 3, 5.) He added that he would be unable to timely file a Rule 59(e) motion *pro se* because he was in segregation. (*Id.* ¶ 5.

Gidarisingh filed a *pro se* motion for enlargement of time to file materials supporting his Rule 59 motion, motion for permission to supplement Rule 59 motion, and motion for production of transcripts on October 20, 2009. (Docket No. 223.) By this motion, Gidarisingh reiterated his request to file a motion under Rule 59, asserted that another prisoner was assisting him in preparing such a motion, and that due to communication impediments involving the prisoner assisting him, he needed the trial transcripts and exhibits to file his motion.

Gidarisingh filed his *pro se* notice of appeal and motion for leave to proceed *in forma pauperis* on appeal on October 28, 2009. On January 29, 2010, the court granted his motion for leave to proceed *in forma pauperis* on appeal. In the same order, the court

---

[1] At the request of the court, Attorneys Carmen N. Couden, Michael A. Bowen, Stephanie H. Vavra, and Trent M. Johnson of Foley & Lardner, represented the plaintiff on a pro bono fee basis in the district court. While, their representation did not carry over to Gidarisingh's appeal, the record does not disclose that the firm withdrew from representing Gidarisingh before a post verdict motion was filed. *See DiAngelo v. Ill. Dep't of Pub. Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989).

denied as moot Gidarisingh's two motions for extension of time to file a motion to alter or amend judgment pursuant to Rule 59(e). The court reasoned that the motions were not timely filed, that it did not have discretion to extend the period of time for filing a motion under Rule 59(e), *see* Fed. R. Civ. P. 6(b), and that Gidarisingh filed a notice of appeal rather than a motion to alter or amend judgment.

On April 16, 2010, Gidarisingh filed the first of his pending motions in this court. He requests, (1) production of his entire trial transcripts without cost; (2) that the court allow him to file his Rule 59(e) motion 60 days after the production of his trial transcripts; and (3) that the court request Attorneys Michael Bowen, Stephanie Vavra, and Carmen Couden to assist him in his post trial motions.

As indicated earlier, the court does not have the discretion to extend the period of time for him to file a Rule 59(e) motion. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")[2]; *see also* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."). It is well settled that the district court lacks the power to extend the period for filing 59(e) motions, even when the party is a *pro se* litigant. *See Winston Network, Inc. v. Indiana Harbor Belt R.* Co., 944 F.2d 1351, 1362 (7th Cir. 1991); *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990); *see also Bean v. Santos*, 989 F.2d 502 (7th Cir. 1993) (district court not permitted to extend time to file Rule 59(e) motion where plaintiff not notified that judgment was

---

[2] The December 1, 2009 amendment to Rule 59(e) allows a motion to alter or amend judgment to be filed within 28 days of entry of judgment. Gidarisingh's motions were filed prior to the amendment, when the period of time was 10 days.

3

entered until after the time for filing had passed) (unpublished); *Green v. Bisby*, 869 F.2d 1070, 1072 (7th Cir. 1989); *Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 111 (7th Cir. 1985); *Textile Banking Co., Inc. v. Rentschler*, 657 F.2d 844, 849 (7th Cir. 1981)).

Although the Federal Rules of Civil Procedure and the law of this circuit preclude Gidarisingh from filing a Rule 59(e) motion at this stage, he may still be able to proceed on a motion for relief from judgment under Rule 60(b).[3] In connection with this motion, Gidarisingh requests that the court ask his trial attorneys to assist him in preparing a post trial motion.

Upon review of Gidarisingh's *pro se* filings after judgment was entered in this case, the court is troubled by Gidarisingh's apparent confusion over whether counsel would be filing a post trial motion. As indicated *supra.*, Foley & Lardner's representation did not carry over to Gidarisingh's appeal; rather, it was the law firm's decision whether to continue representing Gidarisingh on appeal. However, It is not clear that counsel shepherded Gidarisingh after judgment was entered. In addition, counsel failed to notify the court that Foley & Lardner's representation of Gidarisingh had ended. This left Gidarisingh in the

---

[3] Federal Rule of Civil Procedure 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justified relief.

4

situation he is now in - i.e., on appeal, without trial transcripts, and seeking a 60-day extension of time to file a Rule 59(e) motion upon receipt of the transcripts. Although the court will not order counsel to file a post trial motion on behalf of Gidarisingh under the circumstances, Foley & Lardner must inform the court whether Gidarisingh was informed of his post judgment options and whether it will be filing a Rule 60(b) motion on behalf of Gidarisingh. The court will have a transcript prepared for further proceedings irrespective of the decision.

Finally, Gidarisingh has filed a motion that the court order Warden Pollard to approve a legal loan for him in accordance with Wis. Admin. Code § DOC 309.51 so that he can litigate his appeal. The Wisconsin Department of Corrections legal loan provision provides:

> **DOC 309.51 Funds for legal correspondence and copying.** (1) Correspondence to courts, attorneys, parties in litigation, the inmate complaint review system under ch. DOC 310 or the parole board may not be denied due to lack of funds, except as limited in this subsection. Inmates without sufficient funds in their general account to pay for paper, photocopy work, or postage may receive a loan from the institution where they reside. No inmate may receive more than $200 annually under this subsection, except that any amount of the debt the inmate repays during the year may be advance to the inmate again without counting against the $200 loan limit. The $200 loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents. The institution shall charge any amount advanced under this subsection to the inmate's general account for future repayment. An inmate may be permitted to retain in the inmate's general account an amount of money specified, in writing, by the bureau of adult institutions that is not subject to repayment of the loan.

5

Wis. Admin. Code § DOC 309.51(1). The DOC legal loan statute "is not intended for the funding of prisoners' suits." *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003). As the court of appeals for this circuit explained,

> the loans authorized by the statute are not 'funds which are disbursed or credited to an inmate's account to be used as he wishes' but rather 'simultaneous credits and debits . . . for the sole purpose of enabling prisoners to purchase 'paper, photocopy work, or postage' on credit.' And Lindell has 'no constitutional entitlement to subsidy,' Lewis v. Sullivan, 279 F.3d 526, 528 (7th Cir. 2002), to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund. Lucien v. DeTella, 141 F.3d 773, 774 (7th Cir. 1998). If he is able to convince Wisconsin to extend him more credit for his legal endeavors, in apparent violation of Wisconsin law, any debt arising from that extension of credit will be a matter strictly between him and Wisconsin, and not any business of the federal courts.

*Id.* Now, therefore,

**IT IS ORDERED** that the plaintiff's motion for production of trial transcripts without cost (Docket #235) is **GRANTED**.

**IT IS FURTHER ORDERED** that the court reporters prepare the trial transcripts and submit an invoice to the court for payment.

**IT IS FURTHER ORDERED** that the plaintiff's motion to file his Rule 59(e) motion 60 days after the production of the entire trial transcript (Docket #235) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's request that the court order Attorneys Michael Bowen, Stephanie Vavra, and Carmen Couden to assist him in his post-trial motions (Docket #235) is **DENIED**.

**IT IS FURTHER ORDERED** that Attorneys Michael Bowen, Stephanie Vavra, and Carmen Couden inform the court and the plaintiff whether they will file a motion under Rule 60(b) within ten days of the date of this order .

**IT IS FURTHER ORDERED** that the plaintiff inform the court whether he will seek to file a motion under Rule 60(b) within thirty days of the date of this order.

**IT IS FURTHER ORDERED** that the plaintiff's motion that the court order Warden William Pollard to approve a legal loan (Docket #236) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge