**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

SONNIEL R. GIDARISINGH,

       Plaintiff,

       v.                                             Case No. 04-cv-38

GARY R. MCCAUGHTRY, *et al.*,

       Defendants.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DOC. #248), DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DOC. #266), AND DIRECTING PLAINTIFF TO FILE RULE 60(b) MOTION BY JANUARY 14, 2011

Before the court are plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction as well as a Motion for Sanctions. Plaintiff asks the court to require Deputy Warden Michael Baenen, Captain Mark Lesatz, and Sergeant Dorsey Stevens to return legal documents they confiscated pertaining to this case, including his unfinished Rule 60(b) motion, exhibits and evidence. Plaintiff also seeks additional time to file his Rule 60(b) motion.

Defendants have responded stating that plaintiff's seven boxes of legal materials for this case have not been "confiscated" but have been placed in storage. Under institutional rules an inmate is permitted to have legal materials in his cell in a space which is approximately 8000 cubic inches or 20" x 20" x 20". The defendants state that under current institution policies plaintiff is permitted to review all of the legal material and choose what portions of the material he wants to keep in his cell while he is working on his federal lawsuit. When he finishes working with these materials he may exchange them

with materials held in storage. In other words, plaintiff has access to all of his legal materials; he just cannot have all of it in his cell at one time.

According to the defendants, on July 19, 2010, plaintiff was instructed to choose which materials he wanted to keep in his cell and which he wanted to store and, has since refused to do so. They indicate that plaintiff was given two extensions of time to reduce the amount of his legal materials but he continues to refuse to do so. Consequently, on August 20, 2010, prison staff took seven boxes of plaintiff's legal materials from his cell and put them into storage. Also, plaintiff was issued a conduct report for refusing to obey a staff order and directives.

In reply, plaintiff asserts that Captain Lesatz made false statements in his affidavit. Specifically, plaintiff avers that he received eight boxes of legal materials, not seven. Plaintiff further avers that he was never instructed on July 17, 2010, to review his legal materials and choose which materials to store.

The court recognizes that the parties' accounts of the details of plaintiff's legal property issue differ. However, there is no indication that plaintiff is being denied access to his legal materials. Rather, based on the parties' submissions, plaintiff has access to all of his legal materials in this case, just not all of it at the same time. Moreover, the court is not persuaded that either party should be sanctioned based on alleged misrepresentations.

The pertinent matter at this stage of the proceedings is for plaintiff to file his Rule 60(b) motion. Plaintiff will be provided one final deadline by which to file his Rule 60(b) motion. No further extensions will be granted. Now, therefore,

**IT IS ORDERED** that plaintiff's motion for temporary restraining order and preliminary injunction (Docket #248) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions (Docket #266) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall file his Rule 60(b) motion on or before **January 14, 2011**.

Dated at Milwaukee, Wisconsin, this 22nd day of November, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge